**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Wade,<br><br>        Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>        Defendant. | No. CV-04-3064-PHX-MHM (LOA)<br><br>**ORDER** |

Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on December 30, 2004. (Doc. 1) In an April 26, 2005 Order, Plaintiff was warned he must file a Notice of Change of Address if his address changes and that failure to comply would result in his case being dismissed. (Doc. 3) On May 2, 2005, the Court received returned mail addressed to Plaintiff marked "no longer in custody." (Docs. 5, 6) On June 13, 2006, the Court ordered Plaintiff to show cause on or before June 30, 2006 why this matter should not be dismissed for failure to comply with Court orders. (Doc. 7) Plaintiff has not responded to the Court's Order. Rather, on June 16, 2006, the Court again received returned mail addressed to Plaintiff. (Doc. 8)

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of Plaintiff, who has filed a pro se action, to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of

1 keeping the court apprised of any changes in his mailing address." <u>Carey v. King</u>, 856 F.2d
2 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address
3 constitutes failure to prosecute.

4 Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
5 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move
6 for dismissal of an action."  In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31 (1962), the
7 Supreme Court recognized that a federal district court has the inherent power to dismiss a case
8 <u>sua sponte</u> for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules
9 of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate
10 circumstances, the Court may dismiss a complaint for failure to prosecute even without notice
11 or hearing.  <u>Id.</u> at 633.

12 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the
13 Court must weigh the following five factors: "(1) the public's interest in expeditious resolution
14 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
15 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
16 availability of less drastic sanctions."  <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>,
17 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of
18 sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.
19 Thus the key factors are prejudice and availability of lesser sanctions."  <u>Wanderer v. Johnson</u>,
20 910 F.2d 652, 656 (9th Cir. 1990).

21 Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure
22 to keep the Court informed of his address prevents the case from proceeding in the foreseeable
23 future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the
24 Court to consider whether a less drastic alternative is available.  Without Plaintiff's current
25 address, however, certain alternatives are bound to be futile.  Here, as in <u>Carey</u>, "[a]n order to
26 show cause why dismissal is not warranted or an order imposing sanctions would only find itself
27 taking a round trip tour through the United States mail."  856 F.2d at 1441.  In an abundance
28

1 of caution, however, the Court did issue an Order to Show Cause, (Doc. 7) which, predictably,
2 was returned to the court as undeliverable. (Doc. 8)

3       The Court finds that only one less drastic sanction is realistically available. Rule 41(b)
4 provides that a dismissal for failure to prosecute operates as an adjudication upon the merits
5 "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court
6 finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this
7 action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules
8 of Civil Procedure.

9       **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of
10 Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter
11 judgment accordingly.

12       DATED this 18th day of July, 2006.

_____
Mary H. Murgula
United States District Judge